**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES *ex rel*. | ) | |
| | ) | |
| HEATHCOTE HOLDINGS CORP, INC., | ) | |
| An Illinois Corporation, Relator | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | JURY DEMANDED |
| WILLIAM K. WALTHERS, INC., a Wisconsin | ) | |
| Corporation d/b/a DARDA TOYS, | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT FOR FALSE PATENT MARKING

Relator, HEATHCOTE HOLDINGS CORP., INC., (hereinafter referred to as "HEATHCOTE"), for its Complaint against Defendant WILLIAM K. WALTHERS, INC., d/b/a DARDA TOYS (hereinafter referred to as "WALTHERS") alleges as follows

## NATURE OF THE CASE

1.     This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2.     Walthers violated 35 U.S.C. § 292(a), by marking products with expired patents and, in some instances, with a patent that clearly does not apply to the product marked, all with the intent to deceive competitors and the public.

3.     The products in question are the "DARDA WORLD'S FASTEST MOTORIZED CARS" kits, including but not limited to "CORKSCREW CHARGER," "BUMP-N-GO CARS," "ULTRA SPEED CARS," "CREATE-A-COURSE BUILDING SYSTEM," "SUPER

STARTER SPEEDWAY" and "UPSIDE DOWN OVERPASS" (hereinafter collectively referred to as "DARDA WORLD'S FASTEST MOTOTIZED CARS kits").

4.     Walthers knew or should have known that the patents expired and/or did not apply because Walthers acquired the patents as part of a business transaction where it would have had access to the patent documentation and an opportunity to conduct typical due diligence. Despite having had this opportunity, Walthers continued to mark products with expired and inapplicable patents even after Walthers knew or should have known that the patents did not apply.  In so doing, Walthers chose to continue using the improper patent markings with the intent to deceive the public and to gain a competitive advantage in the market.

5.     Heathcote seeks an award of monetary damages against Walthers, one half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## GENERAL ALLEGATIONS

6.     Heathcote is an Illinois corporation with its principal place of business at 711 Custer Ave., Evanston, Illinois, 60202.

7.     Walthers is a corporation organized and existing under the laws of Wisconsin, having its principal place of business at 5601 W. Florist Ave., Milwaukee, Wisconsin, 53218.

8.     American Capital is a publicly-traded buyout and mezzanine fund located in Bethesda, Maryland.

9.     In 2004, American Capital Strategies, Ltd. ("American Capital")  invested $71 million in the acquisition of Life-Like Products L.L.C. ("Life-Like") from ZS Fund L.P., which included the acquisition of the toy and  hobby division of Life-Like.

10.     In or around July 2005, Walthers acquired the toy and hobby division of Life-Like from American Capital for an undisclosed sum.  On information and belief, this acquisition included the patents that are the subject of this litigation.

11.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

12.     Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because the products that are the subject matter of this Complaint, were and are offered for sale and sold in this District.

13.     Heathcote brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

## THE PATENTS

14.     United States Patent No. 2,981,098 ("the '098(2) patent") entitled *THRUSTMETER*, was filed on October 9, 1957, and issued on April 25, 1961.  The '098(2) patent expired on April 25, 1978.  A true and accurate copy of the '098(2) patent is attached hereto as Exhibit A.

15.     The claims of the '098(2) patent purport to relate to aircraft instrumentation, specifically a device that instruments the gross thrust of a turbo-jet engine.  *See* Exhibit A.

16.     United States Patent No. 3,812,933 ("the '933 patent") entitled *ENERGY STORING DRIVE MEANS*, was filed on April 20, 1971, and issued on May 28, 1974.  The '933 patent expired on May 28, 1991. A true and accurate copy of the '933 patent is attached hereto as Exhibit B.

17.     United States Patent No. 3,981,098 ("the '098 patent") entitled *TOY VEHICLE WITH COMPONENT FOR STORING ENERGY IN RESPONSE TO MOTION IN OPPOSITE DIRECTIONS*, was filed on October 10, 1972, and issued on September 21, 1976.  The '098

patent expired on September 21, 1993.  A true and accurate copy of the '098 patent is attached hereto as Exhibit C.

18.     United States Patent No. 4,053,029 ("the '029 patent") entitled *SPRING DRIVE MECHANISM, PARTICULARLY FOR MOBILE TOYS*, was filed December 18, 1975, and issued on October 11, 1977.  The '029 patent expired on October 11, 1994.  A true and accurate copy of the '029 patent is attached hereto as Exhibit D.

19.     United States Patent No. 4,832,156 ("the '156 patent") entitled *SPRING MOTOR*, was filed on January 28, 1988, and issued on May 23, 1989.  The '156 patent expired on January 28, 2007.  A true and accurate copy of the '156 patent is attached hereto as Exhibit E.

20.     When Walthers acquired Life-Like's toy and hobby division from American Capital, it knew or should have known that the '029, '098(2) and '933 patents had expired (collectively, the "Expired Patents"), and that  the '098(2) patent was marked on products outside the scope of that patent.

## COUNT I: THE '933 PATENT

21.     Heathcote re-states and  incorporates paragraphs 1-20 as if fully set forth herein.

22.     Walthers marketed  for sale to the public products identified as the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, BUMP-N-GO CARS, ULTRA SPEED CARS, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, all of which were marked with the '933 patent.

23.     Because the '933 patent expired no later than May 28, 1991, these products are not covered by the '933 patent and have not been covered by the '933 patent at any time relevant to the issues raised in this complaint.

24.     Walthers cannot reasonably believe that that the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, BUMP-N-GO CARS, ULTRA SPEED CARS, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, were properly marked with the '933 patent at any time relevant to this lawsuit.  The '933 patent expired prior to the time Walthers acquired any rights to that patent.

25.     WALTHERS violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '933 patent with the intent to deceive the public.

26.     Each false marking on the products identified herein as the DARDA WORLD'S FASTEST MOTORIZED CARS kits is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

27.     Walthers' false marking of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '933 patent has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

28.     Walthers wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.      Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.      Grant HEATHCOTE such other and further relief as it may deem just and equitable.

## COUNT II: THE '098 PATENT

29.     Heathcote re-states and  incorporates paragraphs 1-20 as if fully set forth herein.

30.     Walthers marketed for sale to the public products identified as the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including BUMP-N-GO CARS and ULTRA SPEED CARS, all of which were marked with the '098 patent.

31.     Because the '098 patent expired no later than September 21, 1993, these products are not covered by the '098 patent and have not been covered by the '098 patent at any time relevant to this lawsuit.

32.     Walthers cannot reasonably believe that the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including BUMP-N-GO CARS and ULTRA SPEED CARS were properly marked with the '098 patent at any time relevant to this lawsuit.  The '098 patent expired prior to the time Walthers acquired any rights with respect to that patent.

33.     Walthers violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '098 patent with the intent to deceive the public.

34.     Each false marking on the products identified herein as the DARDA WORLD'S FASTEST MOTORIZED CARS kits is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

35.     Walthers' false marking of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '098 patent has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

36.     Walthers wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.     Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant HEATHCOTE such other and further relief as it may deem just and equitable.

## COUNT III: THE '029 PATENT

37.     Heathcote re-states and  incorporates paragraphs 1-20 as if fully set forth herein.

38.     Walthers marketed for sale to the public products identified as the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, BUMP-N-GO CARS, ULTRA SPEED CARS, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, all of which were marked with the '029 patent.

39.     Because the '029 patent expired no later than October 11, 1994, these products are not covered by the '029 patent and have not been covered by the '029 patent at any time relevant to the issues raised in the complaint.

40.     Walthers cannot reasonably believe that the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, BUMP-N-GO CARS, ULTRA SPEED CARS, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, were properly marked with the '029 patent at any time relevant to this lawsuit.  The '029 patent expired prior to the time Walthers acquired any rights to the patent.

41.     Walthers violated 35 U.S.C. § 292(a) by marking, or causing to be marked,, packaging and/or product of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '029 patent with the intent to deceive the public.

42.     Each false marking on the products identified herein as the DARDA WORLD'S FASTEST MOTORIZED CARS kits is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

43.     Walthers' false marking of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '029 patent has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

44.     Walthers wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.      Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.      Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.      Grant HEATHCOTE such other and further relief as it may deem just and equitable.

### COUNT IV: THE '156 PATENT

45.     Heathcote re-states and  incorporates paragraphs 1-20 as if fully set forth herein.

46.     Walthers markets for sale to the public products identified as the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, all of which are marked with the '156 patent.

47.     Because the '156 patent expired no later than January 28, 2007, these products are not covered by the '156 patent.

48.     Walthers cannot reasonably believe that the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, were properly marked with the '156 subsequent to January 28, 2007.

49.     Walthers violated 35 U.S.C. § 292(a) by continuing to marking the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '156 patent after the patent expired and with the intent to deceive the public.

50.     Each false marking on the products identified herein as the DARDA WORLD'S FASTEST MOTORIZED CARS kits is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

51.     Walthers' false marking of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '156 patent has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

52.     Walthers wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.     Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant HEATHCOTE such other and further relief as it may deem just and equitable.

## COUNT V: THE '098(2) PATENT

53.     Heathcote re-states and  incorporates paragraphs 1-20 as if fully set forth herein.

54.     Walthers marketed for sale to the public products identified as the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW

CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, all of which were marked with the '098(2) patent.

55.     Because the '098(2) patent expired no later than April 25, 1978, these products are not covered by the '098(2) patent and have not been covered by the '098(2) patent at any time relevant to this lawsuit.

56.     Walthers cannot reasonably believe that that the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, were properly marked with the '098(2) patent.  The '098(2) patent expired prior to the time Walthers acquired any rights with respect to that patent.

57.     Walthers violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the packaging and/or product of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '098(2) patent with the intent to deceive the public.

58.     Each false marking on the products identified herein as the DARDA WORLD'S FASTEST MOTORIZED CARS kits is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

59.     Walthers' false marking of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '098(2) patent has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

60.     Walthers wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

11

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.     Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant HEATHCOTE such other and further relief as it may deem just and equitable.

### COUNT VI: PRODUCT OUTSIDE THE SCOPE OF THE '098(2) PATENT

61.     Heathcote re-states and  incorporates paragraphs 1-20 as if fully set forth herein.

62.     Walthers marketed  DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS, all of which are marked with the '098(2) patent.

63.     The claims of the '098(2) patent purport to protect aircraft instruments, specifically the instrumentation of the gross thrust of a turbo-jet engine.

64.     The claims of the '098(2) patent does not cover the products identified as the DARDA WORLD'S FASTEST MOTORIZED CARS kits, including but not limited to CORKSCREW CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER SPEEDWAY and UPSIDE DOWN OVERPASS.

65.     Walthers cannot reasonably believe that the '098(2) patent covers   the CORKSCREW CHARGER, CREATE-A-COURSE BUILDING SYSTEM, SUPER STARTER

SPEEDWAY and UPSIDE DOWN OVERPASS, and Walthers knew or should have known that the '098(2) patent did not apply to these products when they acquired the product line and related patents. Nevertheless, Walthers continued to mark the products with the '098(2) patent even after Walthers acquired the patents.

66.     Walthers violated 35 U.S.C. § 292(a) by marking, or causing to be marked, the product and/or packaging of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '098(2) patent with the intent to deceive the public.

67.     Each false marking on the products identified herein as the DARDA WORLD'S FASTEST MOTORIZED CARS kits is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

68.     Walthers' false marking of the DARDA WORLD'S FASTEST MOTORIZED CARS kits with the '098(2) patent has wrongfully quelled competition with respect to such products, thereby causing harm to HEATHCOTE, the UNITED STATES and the public.

69.     Walthers wrongfully and illegally advertised a patent monopoly which it does not possess and, as a result, has benefitted commercially and financially by maintaining false statements of patent rights.

WHEREFORE, HEATHCOTE demands a trial by jury and requests that the Court enter judgment as follows:

A.     Enter judgment against DEFENDANT and in favor of HEATHCOTE for the violations alleged in this Complaint;

B.     Order DEFENDANT to pay a civil monetary fine of up to $500 per false marking "offense," or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C.     Grant HEATHCOTE such other and further relief as it may deem just and equitable.

Respectfully Submitted,

*HEATHCOTE HOLDINGS
CORP., INC.*

By:  /s Matthew S. Miller

Matthew S. Miller
LAW OFFICES OF MATTHEW S. MILLER, LTD.
111 W. Washington, Suite 1100
Chicago, IL 60602
(312) 251-6066

Richard J. Prendergast
Michael T. Layden
RICHARD J. PRENDERGAST, LTD.
111 W. Washington, Suite 1100
Chicago, IL  60602
(312) 641-0881 (telephone)