IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel.

HEATHCOTE HOLDINGS CORP., INC.

An Illinois Corporation, Relator,

                               Plaintiffs,

                             v.

WILLIAM K. WALTHERS, INC., a
Wisconsin Corporation d/b/a DARDA TOYS,

                               Defendant.

Case No. 1:09-CV-06722

**DECLARATION OF ANTONIO M. TRILLO IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING THE RESOLUTION OF *STAUFFER V. BROOKS BROTHERS, INC.* AND *PEQUIGNOT V. SOLO CUP CO.***

      I, Antonio M. Trillo, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

      1.     I am one of the attorneys of record for Defendant in this matter, William K. Walthers, Inc. ("Walthers"). I am over the age of 18 and have personal knowledge of the matters contained in this Declaration.

      2.     Attached as Exhibit A to this Declaration is a true and correct copy of Plaintiff's, Heathcote Holdings Corp., Inc. ("Heathcote"), Response to Defendant's First Set of Requests for Admission (Nos. 1-6), Interrogatories (Nos. 1-12), and Requests for Production of Documents (Nos. 1-14).

3. Attached as Exhibit B to this Declaration is a true and correct copy of Plaintiff's Subpoena To Produce Documents, Information, or Objects issued to Reinhart, Boerner, Van Deuren, s.c.

4. Attached as Exhibit C to this Declaration is a true and correct copy of Plaintiff's Subpoena To Produce Documents, Information, or Objects issued to Cleary Gull, Inc.

5. Attached as Exhibit D to this Declaration are true and correct copies of authority cited in the Memorandum and only available on electronic databases.

6. So far in discovery, the parties have exchanged one set of discovery requests and have taken one deposition.

7. Counsel for Heathcote stated in a letter dated May 7, 2010 that Heathcote believes that Walthers had the intent to deceive the public when it marked the products because Walthers knew that it had acquired one of the now expired patents in 2005 and because Walthers also knew that it marked its products with the patent numbers.  In that letter, Counsel for Heathcote stated that the penalty that the Court issues in this case will likely be in the millions.

8. In response to an email from myself asking that Heathcote reimburse Walthers for copy costs associated with documents that Heathcote requested, counsel for Heathcote responded, "There is no chance that we will reimburse Walthers."

9. Heathcote notified Walthers that it intends on taking the depositions of several employees.  These employees are located in Baltimore, Maryland, and Walthers will need to pay for travel for these employees to Milwaukee for depositions.

Respectfully submitted this 20th day of May, 2010.

s/Antonio M. Trillo

REINHART\3612006